

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 3 2015

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**SCOTT CHRISTOPHER BLES, as Personal Representative of the**
**ESTATE OF DENNIS K. TRAMMELL, II, deceased**     **PLAINTIFF**

**vs.**          CASE NO. ___3:15-cv-00237 BSM/JTK___

**ST. BERNARD'S HOSPITAL, INC. d/b/a ST. BERNARDS MEDICAL**
**CENTER; ST. BERNARDS HEALTHCARE;**
**PROASSURANCE INDEMNITY COMPANY, INC.**
**and JOHN and JANE DOES A through Z**          **DEFENDANTS**

This case assigned to District Judge___MILLER___
**COMPLAINT** and to Magistrate Judge___KEARNEY___

Plaintiff, by his attorneys, **THE LAW OFFICES OF DARREN O'QUINN**

**PLLC** and **SIMPSON, SIMPSON & MERCER,** and for his Complaint, states:

## PRELIMINARY STATEMENT

1.     **DENNIS K. TRAMMELL, II** suffered severe injuries, including these

horrific bedsores, while in the defendants' care:



2.     This is an action for egregious injuries and damages suffered by **DENNIS K. TRAMMELL, II** due to the care and treatment, and lack thereof, while he was a patient of defendants at **ST. BERNARDS MEDICAL CENTER** in Jonesboro, Craighead County, Arkansas. During this time, he suffered from necrotic, pus-infiltrated, and foul smelling bedsores that went to the bone, severe infections, and other maladies and indignities.

3.     This action arises under the substantive law of the state of Arkansas including Arkansas common law, the **Arkansas Medical Negligence Act** *(Ark. Code Ann. §16-114-201 et seq.),* the **Arkansas Survival of Actions Act** *(Ark. Code Ann. § 16-62-101)*, and other applicable laws for medical negligence and ordinary negligence in the care and treatment of **DENNIS K. TRAMMELL, II** at **ST. BERNARDS MEDICAL CENTER**.

4.     This controversy is between citizens of different States and the amount in controversy, without interest and costs, exceeds the sum or value required for federal court jurisdiction in diversity of citizenship cases under *28 U.S.C. § 1332*. Jurisdiction of this court is, therefore, invoked pursuant to this court's original jurisdiction for diversity purposes under *28 U.S.C. § 1332(a)*.   Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)* in that all, or a substantial part, of the events or omissions forming the basis of these claims occurred in the Eastern District of Arkansas, Jonesboro Division.

5.     **SCOTT CHRISTOPHER BLES** is the Personal Representative of the **ESTATE OF DENNIS K. TRAMMELL, II, deceased** as appointed by the 34th

Judicial Circuit Court, Pemiscot County, Missouri, Probate Division, Case No. 14PE-PR00008, and brings this action on behalf of the **ESTATE OF DENNIS K. TRAMMELL, II.** At all times relevant to this Complaint, **DENNIS K. TRAMMELL, II** was a citizen of the state of Missouri, and therefore the same is true for Personal Representative **SCOTT CHRISTOPHER BLES,** for diversity purposes under *28 U.S.C. § 1332(c)*.

      5.    Defendants **ST. BERNARD'S HOSPITAL, INC. d/b/a ST. BERNARDS MEDICAL CENTER (hereinafter "ST. BERNARDS")** claims status as a non-profit corporation incorporated under the laws of the state of Arkansas with its principal place of business in Craighead County, Arkansas for diversity purposes under *28 U.S.C. § 1332(c)* that engages in the for-profit care of sick, endangered, impaired, and infirm patients in need of hospital care and treatment. At all times material to this action, **ST. BERNARDS** was the licensee of the hospital facility at which **DENNIS K. TRAMMELL, II** was a patient and operated and controlled it, including employment of the nurses, technicians, and aides who cared for and treated **DENNIS K. TRAMMELL, II**. This control included, but was not limited to, control of the hospital, marketing, human resources, management, operations, training, staffing, creation and implementation of all policy and procedures, federal and state Medicare and Medicaid reimbursement, quality of care assessment and compliance, licensure and certification, legal services, and financial, tax, accounting and budgetary control through fiscal policies established by **ST. BERNARDS.** The training, expertise,

sophistication, and experience of **ST. BERNARDS** allowed it to be able to anticipate and know that the lack of proper financial resources for the sufficient supervision, staffing, and supplying of the hospital would likely result in injuries to **DENNIS K. TRAMMELL, II** and other patients of **ST. BERNARDS.**

6.   Defendant **ST. BERNARDS HEALTHCARE** claims status as a non-profit corporation incorporated under the laws of the state of Arkansas with its principal place of business in Craighead County, Arkansas for diversity purposes under *28 U.S.C. § 1332(c)* that engages in the for-profit care of sick, endangered, impaired, and infirm patients in need of hospital care and treatment. At all times material to this action, **ST. BERNARDS HEALTHCARE** operated and controlled the hospital facility at which **DENNIS K. TRAMMELL, II** was a patient, including employment of the nurses, technicians, and aides who cared for and treated **DENNIS K. TRAMMELL, II**. This control included, but was not limited to, control of the hospital, marketing, human resources, management, operations, training, staffing, creation and implementation of all policy and procedures, federal and state Medicare and Medicaid reimbursement, quality of care assessment and compliance, licensure and certification, legal services, and financial, tax, accounting and budgetary control through fiscal policies established by **ST. BERNARDS HEALTHCARE.** Moreover, **ST. BERNARDS HEALTHCARE** and **ST. BERNARDS** had intertwining directors, officers, members, agents, and high managerial personnel, as well as members of the governing body of **ST. BERNARDS,** that were legally responsible for establishing and implementing

policies regarding the management and operation of the hospital facility that is the subject of this Complaint, and as such **ST. BERNARDS HEALTHCARE** was responsible for the supervision of all aspects of the care of patients, finances to provide staff, supplies, and equipment for the care and well-being of the patients of **ST. BERNARDS** and the policies and procedures developed to govern the care of the patients of **ST. BERNARDS** making **ST. BERNARDS HEALTHCARE** responsible for the liability described and complained of herein. The training, expertise, sophistication, and experience of **ST. BERNARDS HEALTHCARE** allowed it to be able to anticipate and know that the lack of proper financial resources for the sufficient supervision, staffing, and supplying of the hospital would likely result in injuries to **DENNIS K. TRAMMELL, II** and other patients of **ST. BERNARDS.**

7. Defendant **PROASSURANCE INDEMNITY COMPANY, INC.** is the insurer of a policy or contract for liability insurance or similar fund maintained by **ST. BERNARDS** and **ST. BERNARDS HEALTHCARE** for the payment or indemnification of the claims set forth herein, is incorporated under the laws of the state of Alabama, with its principal place of business in the state of Alabama but doing business in Jonesboro, Craighead County, Arkansas, and for diversity purposes is a citizen of the states of Alabama and Arkansas under *28 U.S.C. § 1332(c)*. To the extent that **ST. BERNARDS, ST. BERNARDS HEALTHCARE,** or any other defendant claims and is entitled to charitable immunity then **PROASSURANCE INDEMNITY COMPANY, INC.** is

named as a party and is liable for the actions of **ST. BERNARDS, INC., ST. BERNARDS HEALTHCARE,** and the other defendants and their agents and employees for the claims set forth herein pursuant to *Ark. Code Ann. §23-79-210*.

5.     Defendants **JOHN** and **JANE DOES A through Z** are the currently unknown medical, nursing, and other healthcare providers and entities, insurers, and employees or agents of all defendants and other entities and individuals charged with caring for and treating **DENNIS K. TRAMMELL, II** at **ST. BERNARDS** or owning, operating, controlling, insuring, or managing them on the relevant dates of admission. Plaintiff has attached hereto the affidavit of plaintiff's attorney attesting that the identities of **JOHN** and **JANE DOES A through Z** are unknown pursuant to *Ark. Code Ann. §16-56-125*.

6.     At all relevant times mentioned herein, **ST. BERNARDS** and **ST. BERNARDS HEALTHCARE** owned, operated, and controlled the hospital facility that is the subject of this Complaint and the medical care of **DENNIS K. TRAMMELL, II**, either directly, indirectly, or through the agency of each other and other diverse subalterns, agents, subsidiaries, contractors, employees, and **JOHN** and **JANE DOES A through Z**. The actions of these defendants and each of their subalterns, agents, subsidiaries, contractors, employees and **JOHN** and **JANE DOES A through Z** are imputed to each of the other defendants, jointly and severally. Moreover, at all relevant times these defendants had among them (1) an agreement, express or implied; (2) for the common purpose of operating the **ST. BERNARDS**; (3) with a community of pecuniary interest in that purpose; and (4)

with an equal right to a voice in the direction and control of the operation of **ST. BERNARDS** thereby imputing the conduct of each defendant to the other, jointly and severally, under doctrine of joint enterprise as defined by **AMI 712** and other applicable laws.

7.    The acts and omissions of each defendant in this action worked together with the acts and omissions of the other defendants as a proximate cause of the damages and injuries suffered by **DENNIS K. TRAMMELL, II** and defendants have vicarious liability for the acts and omissions of all persons or entities who provided care to **DENNIS K. TRAMMELL, II** and caused injury or damage to him and were under defendants' control either directly or indirectly including their employees, agents, consultants, medical directors, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of **DENNIS K. TRAMMELL, II**.

<u>FACTS</u>

8.    **DENNIS K. TRAMMELL, II** was admitted to **ST. BERNARDS** on August 26, 2013, with low blood pressure, a fever, and heart arrhythmias. At that time, he did not have any bedsores.

9.    Defendants actively sought patients with similar medical and nursing needs as those of **DENNIS K. TRAMMELL, II** in order to fill their empty beds and increase their rate of occupancy and overall revenue. In fact, **DENNIS K. TRAMMELL, II** was the kind of patient defendants actively sought to fill their empty beds and to increase their rate of occupancy. Defendants were aware of

**DENNIS K. TRAMMELL, II'S** medical conditions and the care and treatment that he required when they represented they could adequately care for his needs. Notwithstanding this knowledge, defendants failed to provide for **DENNIS K. TRAMMELL, II'S** needs and failed to provide sufficient staff, services, equipment, and supplies to meet his basic needs.

10.   In an effort to assure that **DENNIS K. TRAMMELL, II** and other patients used their facility, defendants held **ST. BERNARDS** out to the Arkansas Department of Health and to the public at large as being:

> a)   Skilled in the performance of hospital, medical, nursing, and other services;

> b)   Properly staffed, supervised, supplied, and equipped to meet the total needs of its patients;

> c)   Able to specifically meet the total hospital, medical, nursing, and other needs of its patients;

> d)   Licensed by the state of Arkansas and complying on a continual basis with all rules, regulations, and standards established for a hospital (including, without limitation, The Joint Commission (TJC) f/k/a the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), the Centers for Medicare and Medicaid Services (CMS), and the Arkansas Department of Health (ADH)); and

> e)   As providing "Christ-like healing to the community through education, treatment and health services." *See https://www.stbernards.info/about/our-mission*

11.    Despite these representations, defendants failed to discharge their responsibilities to **DENNIS K. TRAMMELL, II** with a reckless disregard and conscious indifference for his rights and safety causing him to suffer the injuries and damages set forth herein. Specifically, **DENNIS K. TRAMMELL, II** was not properly turned and repositioned, provided an adequate mattress and pressure relief devices, and ignored for hours causing him to suffer horrific and infected bedsores. Had **DENNIS K. TRAMMELL, II** and his family known that **ST. BERNARDS** had deceptively marketed its services, and in fact had insufficient staff and other resources to meet his needs, he would have never agreed to be admitted there. This resulted in catastrophic injuries and damages to him.

12.    The severity of the recurrent negligence inflicted upon **DENNIS K. TRAMMELL, II** by defendants accelerated the deterioration of his health and physical condition beyond that caused by any underlying medical conditions and resulted in physical and emotional trauma including, without limitation, the following:

   a)  Foul-smelling, pus infiltrated, and necrotic bedsores;

   b)  Unnecessary and painful treatments and skin debridements;

   c)  Extreme pain and emotional distress; and

   d)  Other physical and emotional maladies as set forth herein, referred to in the medical records, and developed in depositions.

13. On all occasions complained of herein, **DENNIS K. TRAMMELL, II** was under the care, supervision, and treatment of the agents and employees of the defendants and the injuries and damages complained of herein were directly and proximately caused by the acts and omissions of the defendants, jointly and severally.

## CAUSES OF ACTION

### Medical Negligence

14. Plaintiff incorporates by reference herein and re-alleges all of the above allegations.

15. Defendants deviated from the acceptable standard of medical and nursing care and did not apply the skill and learning the law required in the following respects:

> a) Failure to provide the necessary care and services and sufficient staff to meet the total needs of **DENNIS K. TRAMMELL, II** on a 24-hour, 7-day a week basis and attain or maintain his highest practicable physical, mental, and psychosocial well-being as determined by timely assessments and an individual plan of care;
>
> b) Failure to provide adequate supervision and assistance to prevent the injuries set forth herein;
>
> c) Failure to provide an adequate mattress and pressure relief devices to prevent bedsores;

d) Failure to provide the necessary care and services to prevent the development of bedsores and their progression and infection after they developed;

e) Failure to provide the necessary care and services to maintain proper and timely personal hygiene and sanitary care;

f) Failure to protect and promote **DENNIS K. TRAMMELL, II'S** right to a safe, clean, sanitary, and comfortable environment, to be free from abuse and neglect, and to a dignified existence;

g) Failure to adequately assess, evaluate, and supervise the staff to ensure that **DENNIS K. TRAMMELL, II** received appropriate care in accordance with professional standards of quality, facility policy and procedure, and the laws, regulations, and rules applicable to the facility;

h) The failure to provide, implement, and assure and adequate, comprehensive, and accurate care plan based on the needs and functional capacity of **DENNIS K. TRAMMELL, II** that met his physical, mental, and psychosocial needs as identified in a comprehensive assessment with revisions and modifications, as his needs changed;

i) The failure to provide care and treatment for **DENNIS K. TRAMMELL, II** in accordance with his care plan and physician's orders;

j) The failure to maintain clinical records on **DENNIS K. TRAMMELL, II** in accordance with accepted professional standards that are complete, accurate, timely, and organized;

k) The failure to adequately and appropriately monitor **DENNIS K. TRAMMELL, II** and

recognize significant changes in his condition and properly and timely notify and consult with his physician and family regarding those changes;

l) The failure to take reasonable steps to prevent, eliminate, and correct problems in **DENNIS K. TRAMMELL, II'S** care;

m) The failure of the governing body of the facility to discharge their legal and lawful obligations by assuring that professional standards of quality, facility policy and procedure, and the laws, regulations, and rules applicable to the facility were consistently complied with on an on-going basis, that they remained up-to-date and modified as problems arose, and that appropriate corrective measures were implemented to correct problems concerning inadequate care;

n) The failure to use the degree of skill and care required of a hospital when faced with the conditions of **DENNIS K. TRAMMELL, II;**

o) Other failures as set forth in the medical records and deposition testimony taken in this action.

16.    A reasonably prudent hospital or nurse, as the case may be, operating under the same or similar conditions, as well as one following the standards of care as set forth in the *Arkansas Medical Negligence Act* and *AMI 1501* and *1504*, would not have failed to provide the care listed above and would have foreseen that the failure to provide this care would result in devastating injuries to **DENNIS K. TRAMMELL, II**. Each of the foregoing acts of negligence on the part of defendants was a proximate cause of **DENNIS K. TRAMMELL, II'S** injuries and damages that were foreseeable to them.

### Ordinary Negligence

17.    Plaintiff incorporates by reference herein and re-alleges all of the above allegations.

18.    Defendants owed a non-delegable duty to **DENNIS K. TRAMMELL, II** to hire, train, and supervise employees so that such employees deliver care and services to patients in a safe and beneficial manner in order to meet their patients' needs.

19.    Defendants were under a duty to exercise reasonable care and to render care and services as a reasonably prudent and similarly situated hospital would render, but defendants breached their duty of care to **DENNIS K. TRAMMELL, II** by failing to meet and abide by the standards set forth herein and this failure amounts to ordinary negligence. Specifically, many of the acts and omissions set forth herein involve basic non-medical, rather than professional, issues such as:

        a)  Turning and repositioning for pressure relief;

        b)  Supervising and monitoring staff;

        c)  Staffing with sufficient numbers;

        d)  Providing timely incontinent care and basis hygiene;

        e)  Calling the doctor and family with updates;

    f) Requiring that policies and procedures be followed; and

    g) Other care related to the simple activities of daily living.

20.    A reasonably prudent hospital operating under the same or similar conditions, as well as one following the standards of care, would not have failed to provide the ordinary care listed above and would have foreseen that the failure to provide this care would result in devastating injuries to **DENNIS K. TRAMMELL, II.** Each of the foregoing acts of negligence on the part of defendants was a proximate cause of **DENNIS K. TRAMMELL, II'S** injuries that were foreseeable to them.

## DAMAGES

21.    As a proximate result of the above conduct, **DENNIS K. TRAMMELL, II** is entitled to damages for medical expenses and costs, pain, suffering, mental anguish, grief, disability, trauma, disfigurement, loss of enjoyment of life, loss of quality of life and personal dignity, humiliation, fright, emotional distress, and related expenses and other injuries as described herein, in an amount exceeding the minimum amount required for federal court jurisdiction in diversity of citizenship cases. Moreover, because defendants' recklessly ignored **DENNIS K. TRAMMELL, II'S** basic needs and their conduct as set forth herein was repeated and not a mistake and they were on notice of the matters set forth in this Complaint, and they knew or should have known, in light of the surrounding circumstances, that their

conduct would naturally and probably result in physical and emotional injury, yet they still failed to discharge their responsibilities to **DENNIS K. TRAMMELL, II** and continued their conduct in reckless disregard and with a conscious indifference for his rights and safety causing him to suffer the injuries set forth herein, defendants are liable for punitive damages in an amount exceeding the minimum amount required for federal court jurisdiction in diversity of citizenship cases and sufficient to punish defendants and deter defendants and others from similar conduct.

## REQUEST FOR JURY TRIAL

22.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

THEREFORE, plaintiff respectfully requests the following relief:

(A)     A joint and several judgment against defendants for all general and special compensatory damages caused by the conduct of the defendants in an amount exceeding the minimum amount required for federal court jurisdiction in diversity of citizenship cases;

(B)     The cost of litigating this case as allowed by *Fed. R. Civ. P. 54* and other applicable laws;

(C)     All allowable attorney fees;

(D)     A joint and several judgment against defendants for punitive damages in an amount necessary and sufficient to punish defendants and deter defendants

and others from similar conduct in an amount exceeding the minimum amount required for federal court jurisdiction in diversity of citizenship cases;

(E)     A trial by jury;

(F)     All other relief to which plaintiff is entitled or that the Court deems just and proper.


Respectfully submitted,

M. Darren O'Quinn, AR Bar No. 87-125
**LAW OFFICES OF DARREN O'QUINN PLLC**
Plaza West Building
415 N. McKinley, Suite 1000
Little Rock, AR 72205
(501) 975-2442 telephone
(501) 975-2443 facsimile
Darren@DarrenOQuinn.com email

And

James A. Simpson, Jr. AR Bar number 95154
**Simpson, Simpson & Mercer**
200 North Spring St.
Searcy, AR.  72143
Tel (501) 279-9292
Fax (501) 279-0808
JSimpson@ssmlaw.net email


**Attorneys for Plaintiff**


Page 16 of 17

## AFFIDAVIT

Comes now the undersigned and solemnly swears that the following facts and information are true and correct to the best of my knowledge and belief:

1. I am the attorney for the plaintiff in the attached pleading.

2. Neither me nor my client know the identities of the John and Jane Doe designations set forth in the above pleading nor the insurance carriers/self-insurance/pooled liability funds/trusts for any entity or individual not susceptible to a direct cause of action.

3. Upon determining the identity of the unknown parties responsible for the injuries and damages sustained by plaintiff, or for paying those damages, I will timely amend the Complaint to specifically designate the names of the unknown parties.

4. This Affidavit is filed in accordance with *Ark. Code Ann. § 16-56-125*.

M. Darren O'Quinn

**SUBSCRIBED AND SWORN** to before me this 10 day of Aug. 2015.

Notary Public

My Commission Expires:

March 31, 2018

HILARY SHRUM
Pulaski County
Commission Number 12365421
Notary Public - Arkansas
My Commission Expires March 31, 2018